UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MARCIE D. JENNER, TRUSTEE OF CPDPE, INC. 401K PROFIT SHARING PLAN AND TRUST and JODI L. JENNER, TRUSTEE OF CUE TECHNOLOGIES, INC. 401K PROFIT SHARING PLAN AND TRUST,**<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>**NORMAL PROPERTIES LLC, an Indiana limited liability company; LEE A. HOLLIDAY, an individual; KEVIN CHRISTIANSON, an individual; the CITY OF CHICAGO, a municipal corporation of the State of Illinois; SHANTAY WOODS, an individual; REGINALD PRICE, an individual; KATRENA G. SAMPRACT, an individual; Non-Record Claimants; and Unknown Others,**<br><br>　　　　Defendants. | Case No: 1:19-CV-6902<br><br>Judge: Hon. Martha M. Pacold<br>Magistrate: Gabriel A. Fuentes |

## FIRST AMENDED COMPLAINT TO FORECLOSE MORTGAGE AND FOR OTHER RELIEF

MARCIE D. JENNER, TRUSTEE OF CPDPE, INC. 401K PROFIT SHARING PLAN AND TRUST ("CPDPE") and JODI L. JENNER, TRUSTEE OF CUE TECHNOLOGIES, INC. DEFINED BENEFIT PENSION PLAN AND TRUST ("CUE" and together with CPDPE, the "Lenders"), by their attorneys, Michael E. Moore and Brittni W. Riley of Miller, Canfield, Paddock and Stone, P.L.C., and for their Complaint to Foreclose Mortgage and Other Relief (the "Complaint") make the following allegations, statements and claims for relief:

**COMMON ALLEGATIONS**

**Parties**

1. Marcie D. Jenner is the Trustee of CPDPE and a resident of Laguna Beach, California. CPDPE is a retirement plan sponsored by Center for Personal Development and Professional Excellence, Inc., a corporation incorporated under the laws of the State of California maintaining its principal place of business at 1278 Glenneyre #171, Laguna Beach, California 92651. Under 28 U.S.C. 1332, Marcie D. Jenner and CPDPE are citizens of the State of California.

2. Jodi L. Jenner is the Trustee of CUE and a resident of Fallbrook, California. Cue is a pension plan sponsored by Cue Technologies, Inc., a corporation incorporated under the laws of the State of California with a principal place of business at 23702 Birtcher Drive, Lake Forest, California 92630. Under 28 U.S.C. 1332, Jodi L. Jenner and CUE are citizens of the State of California.

3. Defendant NORMAL PROPERTIES, LLC ("Borrower") is an Indiana limited liability company, and at all times referenced in the Complaint was located at 9857 Whitehall Garden, Munster, Indiana 46321. Lee A. Holliday is the sole member of Borrower and is a resident of Indiana. Lee A. Holliday is also the resident agent of Borrower.

4. Lee A. Holliday ("Guarantor") (together with Borrower, the "Defendants") is an individual, and at all times referenced in the Complaint was residing at 9857 Whitehall Garden, Munster, Indiana 46321.

5. Defendant Kevin Christianson is an individual and, upon information and belief, resides in Fargo, North Dakota. Kevin Christianson is the holder of a junior mortgage on the Property (defined below) dated June 29, 2018 and recorded on July 2, 2018 in the Cook County

2

Recorder of Deeds as Document No. 1818357103. Kevin Christianson is named, to the extent he claims any interest in the Property (defined below), for notice purposes only.

6. Defendant City of Chicago is a municipal corporation in the State of Illinois located in Cook County. City of Chicago is a judgment creditor of Borrower and record claimant pursuant to those certain recordings of findings, decisions, and orders recorded in the Cook County Recorder of Deeds as Document Nos. 1724010021, 1831204093, and 1924210120. City of Chicago is named, to the extent it claims any interest in the Property (defined below), for notice purposes only.

7. Defendant Shantay Woods is an individual and, upon information and belief, resides in Cook County, Illinois. Shantay Woods is a judgment creditor of Borrower and Guarantor pursuant to that certain Memorandum of Judgment recorded on January 31, 2018 in the Cook County Recorder of Deeds as Document No. 1803106078. Shantay Woods is named, to the extent she claims any interest in the Property (defined below), for notice purposes only.

8. Defendant Reginald Price is an individual and, upon information and belief, resides in Cook County, Illinois. Reginald Price is a judgment creditor of Borrower and Guarantor pursuant to that certain Memorandum of Judgment recorded on May 31, 2018 in the Cook County Recorder of Deeds as Document No. 1815113058. Reginald Price is named, to the extent he claims any interest in the Property (defined below), for notice purposes only.

9. Defendant Katrena G. Sampract is an individual and, upon information and belief, resides in Cook County, Illinois. Katrena G. Sampract is a lien claimant pursuant to that certain Claim of Lien recorded July 11, 2019 in the Cook County Recorder of Deeds as Document No. 1919257058. Katrena G. Sampract is named, to the extent she claims any interest in the Property (defined below), for notice purposes only.

10. Defendant Non-Record Claimants, to the extent they claim any interest in the Property (defined below), are named herein for notice purposes only.

11. Defendant Unknown Others, to the extent they claim any ownership interest in the Property (defined below), are named herein for notice purposes only.

## Jurisdiction and Venue

12. Jurisdiction over this mater properly rests within this Honorable Court pursuant to 28 U.S.C. § 1332(a) because the matter in controversy is between citizens of different states and the damages claimed exceed the sum of $75,000.00, exclusive of costs and interest.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) (2) because the property at issue is located within the State of Illinois..

## Loan Documents and the Default

14. From time to time, Lenders extended credit and other financial accommodations to Borrower.

15. On or about July 10, 2017, Borrower entered into a commercial loan (the "Loan") with Lenders wherein Lenders lent $129,000.00 to Borrower.

16. The loan is evidenced by a *Promissory Note Secured by Mortgage* dated July 10, 2017 in the original principal amount of $129,000.00 (the "Note") executed by Borrower and delivered to Lender. A true and correct copy of the Note is attached hereto and made a part hereof as **Exhibit A.**

17. To secure the indebtedness of the Note, on July 10, 2017, Borrower executed a *Mortgage, Assignment of Leases and Rents, Fixture Filing, and Security Agreement* in favor of Lenders which was recorded on August 4, 2017, with the Cook County Recorder of Deeds as Document No. 1721657097 (the "Mortgage") encumbering the real property commonly known

as 1439-41 West 127th Street, Calumet Park, Illinois (the "Property"). A true and correct copy of the Mortgage is attached hereto and made a part hereof as **Exhibit B.**

18. The Mortgage was assigned by Cue Technologies Inc., Defined Benefit and Pension Plan to Cue Technologies Inc., 401K Profit Sharing Plan and Trust pursuant to that certain Assignment of Mortgage dated June 28, 2018 and recorded July 3, 2018 with the Cook County Recorder of Deeds as Document No. 1818429399.

19. Borrower was the fee simple owner of the Property when the Mortgage was granted, and continues to hold title in fee to the Property.

20. In consideration of the extension of credit to Borrower, on July 10, 2017, Guarantor executed a *Guaranty* in favor of Lenders (the "Guaranty") absolutely and unconditionally guarantying any and all indebtedness due from Borrower. A true and correct copy of the Guaranty is attached hereto and made a part hereof as **Exhibit C**.

21. The Note, Mortgage, Guaranty, and any other documents evidencing the loan relationship between Lenders and Borrower are collectively referred to as the "Loan Documents."

22. Pursuant to the terms of the Loan Documents, an Event of Default is defined as, *inter alia*, "Borrower's failure to pay any installment or other sum due under this Note when due and payable." Exhibit A, Note, ¶ 4**.**

23. Defendants are in default under the terms of the Loan and Loan Documents as a result of their failure to pay the full amount due and owing under the Note on August 1, 2019 (the "Maturity Date").

24. As a result of the default, on August 31, 2019, Note Servicing Center, Lender's loan servicing agent, sent a demand letter to Borrower calling all amounts due under the Loan

Documents ("Demand Letter"). A true and correct copy of the Demand Letter is attached hereto and made a part hereof as **Exhibit D**.

26. Pursuant to the terms of the Note, Lenders are entitled to recover its costs of collection, including attorneys' fees from Borrower:

> **Attorney Fees.** Borrower agrees to pay the following costs, expenses, and attorney fees paid or incurred by Lender, or adjudged by a court: (a) reasonable costs of collection and costs, expenses, and attorney fees paid or incurred in connection with the collection or enforcement of this Note, whether or not suit is filed; (b) reasonable costs, expenses, and attorney fees paid or incurred in connection with representing Lender in any bankruptcy, reorganization, receivership, or other proceedings affecting creditors' rights and involving a claim under this Note; (c) reasonable costs, expenses, and attorney fees incurred to protect the lien of the Mortgage; and (d) costs of suit and such sum as the court may adjudge as attorney fees in any action to enforce payment of this Note or any part of it.

Exhibit A, Note, ¶ 9.

26. The Mortgage grants Lenders a similar right to recover fees and expenses associated with enforcing its rights under the Note and Mortgage:

> **Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Mortgage, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees and title insurance, to the extent permitted by applicable law. Borrower also will pay any court costs, in addition to all other sums provided by Governmental Requirements.

Exhibit B, Mortgage, ¶ 21.

27. As of October 9, 2019, the amount due and owing on the Loan was as follows:

| Principal | $128,793.24 |
|---|---|
| Interest (per diem $71.52) | $13,445.01 |
| Late Fees | $13,766.80 |
| Other Fees | $110.00 |
| **Total** | **$156,114.17** |

28. This amount: (1) continues to accrue interest at the default rate provided in the Note from and after the above date; and (2) is in addition to all costs and expenses incurred by Lenders, including all attorneys' fees, which are due under the terms of the Loan Documents.

29. Despite Lenders' demands, Borrower has failed, refused, and/or neglected to pay the amounts due and owing under the Loan and Loan Documents.

30. Lenders have performed its requirements pursuant to the aforementioned Loan Documents, and all notice requirements have been met or waived.

31. Lenders are the legal holders of the indebtedness and owners of the Mortgage given as security therefore.

32. Lenders have elected to declare the whole of the principal sum remaining unpaid, together with interest thereon, immediately due and payable. Lenders confirm this election by the filing of this Complaint.

## COUNT I
## BREACH OF NOTE AGAINST BORROWER

33. Lenders reallege and incorporate by reference as though fully set forth in this paragraph all allegations contained in paragraphs 1 through 32 of this Complaint.

34. Borrower executed the Note and agreed to repay the Loan pursuant to the terms of the Loan Documents. Exhibit A.

35. Lenders performed all of their obligations under the Note.

7

36. Borrower is in default on the Note for, among other things, failing to pay all amounts due and owing under the Loan on the Maturity Date. Exhibit A.

37. Despite demand, Borrower has failed, refused and/or neglected to pay the Indebtedness evidenced by the Note and other Loan Documents. Exhibit D.

38. Pursuant to the terms of the Loan Documents, Borrower agreed to reimburse Lenders for their costs and fees incurred in collection of its obligations.

39. As a result of Borrower's default, Lenders have suffered damages.

WHEREFORE, Lenders request this Honorable Court to enter a money judgment in their favor and against Borrower in the sum of $156,114.17, together with costs, attorney's fees incurred, and interest thereon as provided for by statute, from and after October 9, 2019.

## COUNT II
## BREACH OF GUARANTY AGAINST GUARANTOR

40. Lenders reallege and incorporate by reference as though fully set forth in this paragraph all allegations contained in paragraphs 1 through 39 of this Complaint.

41. Pursuant to the terms of the Guaranty, Guarantor agreed to comply with the terms and conditions stated therein, including the absolute and unconditional promise to repay all indebtedness of Borrower.

42. Borrower has failed to pay the Loan in full on the Maturity Date and Guarantor has not paid.

43. Lenders performed all of their obligation under the Note and Guaranty. Exhibit C.

44. Guarantor has failed and continues to fail to pay the amounts owing under the Note. Exhibit A.

WHEREFORE, Lenders request this Honorable Court to enter a money judgment in their favor and against Guarantor in the sum of $156,114.17, together with interest, costs, attorney's fees, and any such further relief as the Court deems to be just and appropriate under the circumstances.

## COUNT III
## JUDICIAL FORECLOSURE OF MORTGAGE

45. Lenders reallege and incorporate by reference as though fully set forth in this paragraph all allegations contained in paragraphs 1 through 44 of this Complaint.

46. Lenders file Count III of this Complaint pursuant to 735 ILCS 5/15-1101, *et seq.*, to foreclose the Mortgage hereinafter described and joins the following parties as defendant(s): Borrower, Guarantor, Kevin Christianson, City of Chicago, Shantay Woods, Reginald Price, Katrena G. Sampract, Non-Record Claimants, and Unknown Others.

47. Information concerning the Mortgage:

    a. Nature of Instrument: Mortgage, as assigned;

    b. Date of Mortgage: July 10, 2017;

    c. Name of Mortgagor(s): Normal Properties, LLC;

    d. Name of Mortgagee: CPDPE, INC. 401k Profit Sharing Plan and Trust, and Cue Technologies, Inc. 401K Profit Sharing Plan and Trust;

    e. Date and Place of Recording: August 4, 2017, in the Office of the Cook County Recorder;

    f. Identification of Recording: Nos. 1721657097 and 1818429399;

    g. Interest Subject to Mortgage: Fee Simple;

    h. Amount of original indebtedness, including subsequent advances made under Mortgage:

    Original indebtedness: $129,000.00;

  i. Both the legal description of the mortgaged real estate and the common address or other information sufficient to identify it with reasonable certainty:

Legal description of the Property is as follows:

LOT 1 (EXCEPT THE EAST 142 FEET THEREOF) IN NORMA, BEING A SUBDIVISION OF THAT PART OF THE WEST 1/2 OF THE EAST 1/2 OF THE NORTHWEST 1/4 OF THE NORTHWEST 1/4 OF SECTION 32, LYING NORTH OF AND ADJACENT TO THAT PART THEREOF SOLD AND CONVEYED BY CAROLINE SCHULTZ TO THE TRUSTEES OF SCHOOL DISTRICT NUMBER 132 RECORDED MAY 26, 1913, AS DOCUMENT NUMBER 5200293 IN TOWNSHIP 37 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Commonly known as:

1439-41 West 127th Street, Calumet Park, Illinois 60827

PIN: 25-32-114-024;

  j. Statement as to defaults, including, but not limited to, date of default, current unpaid principal balance, per diem interest accruing, and any other information concerning default:

    1. As of August 1, 2019, Defendants are in default under the Loan Documents due to their failure to pay the balance due and owing at maturity;

    2. The current unpaid principal balance is: $128,793.24;

    3. The total amount now due as of October 9, 2019, is $156,114.17, plus interest accrued thereafter, court costs, title costs, and Lenders' attorneys' fees;

    4. The per diem interest accruing after default is $71.52;

  k. Name of present owner(s) of the Real Estate:

Normal Properties, LLC;

  l. Names of other persons who are joined as Defendants and whose interest or lien on the mortgaged real estate are sought to be terminated:

    Kevin Christianson, City of Chicago, Shantay Woods, Reginald Price, Katrena G. Sampract, Non-Record Claimants and Unknown Others;

  m. Names of Defendants claimed to be personally liable for deficiency, if any:

10

      Borrower, Normal Properties, LLC and Guarantor, Lee A. Holliday;

  n.  Capacity in which Lenders bring this foreclosure:

      As the owner and holder of the Note, Mortgage, and the indebtedness;

  o.  Facts in support of shortened redemption period, if sought:

      The Property is not "residential real estate" as defined by 735 ILCS 5/15-1219 and Mortgagor has waived its rights of redemption pursuant to paragraph 53 of the Mortgage, Exhibit B;

  p.  Statement that the right of redemption has been waived by all owners of redemption, if applicable:

      The Property is not "residential real estate" as defined by 735 ILCS 5/15-1219 and Mortgagor has waived its rights of redemption pursuant to paragraph 53 of the Mortgage, Exhibit B;

  q.  Facts in support of request for attorneys' fees and of costs and expenses, if applicable:

      Lenders have been required to retain counsel for prosecution of this foreclosure and to incur substantial attorneys' fees, court costs, title insurance or abstract costs, and other expenses that should be added to the balance secured by said Mortgage;

  r.  Facts in support of a request for appointment of mortgagee in possession or for appointment of a receiver, and the identity of such receiver, if sought:

      Lenders do not seek possession of the mortgaged real estate by this Complaint. Lenders will bring an appropriate motion before the Court in the above-captioned litigation if Lenders elect to seek possession of the mortgaged Property;

  s.  Lenders do NOT offer to the Mortgagor in accordance with 735 ILCS 5/15-1402 to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the Mortgage without judicial sale;

  t.  Name or names of defendants whose right to possess the mortgaged real estate, after the confirmation of a foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof:

      Borrower, Guarantor, Kevin Christianson, City of Chicago, Shantay Woods, Reginald Price, Katrena G. Sampract, Non-Record Claimants and Unknown Others; and

u. In accordance with 735 ILCS 5/15-1506(2) (f) Lenders may seek the appointment of a licensed auctioneer for the purpose of selling the real estate at public auction.

WHEREFORE, Lenders respectfully request that this Honorable Court (i) enter a judgment of foreclosure and sale against Borrower and all persons claiming an interest in the Property which bars all claims of, in, and to the Property; (ii) enter an order granting a shortened period of redemption; (iii) enter a personal judgment for deficiency; (iv) enter an order granting possession, if sought; (v) enter an order placing the mortgagee in possession or appointing a receiver, if sought; (vi) enter a judgment for attorneys' fees, costs, and expenses; (vii) appointment of the sheriff or a licensed auctioneer for the purpose of selling the real estate at public auction; and (viii) grant such other relief as equity may require, including, but not limited to, declaratory and injunctive relief.

Dated: January 7, 2020

        Respectfully submitted,

        MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
        *Attorneys for Fifth Third Bank*

        By: */s/ Michael E. Moore*
            Michael E. Moore (6330983)
            Brittni W. Riley (6320923)
            225 West Washington, Suite 2600
            Chicago, IL 60606
            (312) 460-4233
            moore@millercanfield.com
            riley@millercanfield.com

34979197.1\158895-00001